```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 16-CV-60935-GAYLES
                              MAGISTRATE JUDGE P.A. WHITE
```

HERMON TYWON WILLIAMS,         :

    Plaintiff,                 :

v.                             :          REPORT OF
                                                                         MAGISTRATE JUDGE

BROWARD COUNTY CIVIL COURTS,   :

    Defendant.                 :

## I. Introduction

Hermon Tywon Williams, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 while confined at the Broward County Main Jail in Fort Lauderdale, Florida, complaining about incidents that allegedly occurred in Broward County, Florida. (DE# 1). He has not paid the filing fee and seeks to proceed *in forma pauperis*. (DE# 4).

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

The Plaintiff lists as the sole Defendant the Broward County Civil Courts. When construing the Complaint liberally, Haines v. Kerner, 404 U.S. 519 (1972), he asserts that he previously pursued a civil rights action with regards to a June, 2004, arrest, and the suit was dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). He was found not guilty by a jury on June 23, 2016, and filed suits in Broward small claims court between March, 2005, and

April 2006. He does not have the relevant Broward County docket numbers, requests the Court's assistance in obtaining this information, and seeks a $753,000 judgment for false imprisonment in the 2004 criminal case.

## II. Legal Standards

Because the Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between plaintiffs proceeding *in forma pauperis* and those who have paid the filing fee. See 28 U.S.C. § 1915A; Thompson v. Hicks, 213 Fed. Appx. 939, 942 (11th Cir. 2007)(*per curiam*). The Court may review a plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A.

Further, a prisoner attempting to proceed IFP in a civil action in federal court must comply with the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted, unless the prisoner is under imminent danger of serious physical injury.

The "three strikes" IFP provision does not violate an inmate's First Amendment right of access to the courts, the doctrine of separation of judicial and legislative powers, the Fifth

2

Amendment's right to due process of law, or an inmate's right to equal protection. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To invoke the exception to Section 1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. See generally Brown v. Johnson, 387 F.3d 1344, 1349-50 (11th Cir. 2004) (holding that complaint sufficiently alleged imminent danger of serious physical injury where prisoner asserted that he was in danger of more serious afflictions if he continued to not be treated for his HIV and hepatitis). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Thus, in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). General and vague allegations of harm and unspecific references to injury, even when liberally construed, are insufficient. See, e.g., Sutton v. Dist. Attn'y Office, 334 Fed. Appx. 278 (11th Cir. 2009) (general assertions that the Plaintiff was in imminent danger of "growing older" and "perhaps dying ... in

3

this prison," along with stress, anxiety and depression, were insufficient to invoke the exception to Section 1915(g)).

### III. Discussion

The instant complaint is subject to dismissal because he is a "three-striker" under the PLRA.

The Plaintiff has filed at least **four** prior Section 1983 civil rights suits which count as "strikes" under the PLRA. In case numbers 10-CV-60812-HUCK, 12-CV-23433-KING, and 15-CV-62602-DIMITROULEAS,[1] and 16-CV-21109-MOORE, the Court dismissed the Plaintiff's civil rights suits for failure to state a claim upon which relief can be granted or as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(ii) (dismissal for failure to state a claim upon which relief can be granted); see Rivera, 144 F.3d at 731-32 (cases dismissed under Section 1915(e) qualify as "strikes" under the PLRA).

Consequently, the Plaintiff has filed at least four cases which qualify as strikes for purposes of Section 1915(g). He is, therefore, barred from proceeding *in forma pauperis* in this Court unless he can show that he was under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Full and careful review of the Complaint indicates that the Plaintiff would not be entitled to proceed *in forma pauperis* under the "imminent danger" exception. He has made no factual allegations to support a finding that he was in imminent danger of serious

---

[1] This case counts as a "strike" even though the Plaintiff is pursuing an appeal. See Coleman v. Tollefson, 135 S.Ct. 1759 (2015) (a case that has been dismissed but is the subject of an ongoing appeal counts as a strike under the "three-strikes" provision in 28 U.S.C. § 1915).

injury at the time of filing, and therefore, dismissal of the instant civil rights action is appropriate.

The statute provides that the filing fee must be paid **at the time the suit is initiated** and precludes a plaintiff from proceeding *in forma pauperis*. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (the filing fee is due upon filing a civil action when *in forma pauperis* provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed *in forma pauperis*). Therefore, the complaint should be dismissed without prejudice to the plaintiff to file a new complaint accompanied by payment of the full filing fee of $350.00. Id.

## IV. Recommendations

Based upon the foregoing, it is recommended that: (1) the complaint (DE# 1) be DISMISSED, pursuant to 28 U.S.C. § 1915(g); (2) the motion to proceed *in forma pauperis* (DE# 4) be DENIED; (3) all pending motions not otherwise ruled upon be dismissed; and (4) this civil action be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 3rd day of May, 2016.

/s/ _____
UNITED STATES MAGISTRATE JUDGE

cc:   Hermon Tywon Williams
      231502013
      Broward County Main Jail

```
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310
PRO SE
```